UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGUEL DIAZ,

Plaintiff,

-against-

THE UNITED STATES OF AMERICA et al,

Defendants.

26-CV-9146 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is incarcerated in USP Coleman I, brings this action *pro se*. Plaintiff is barred, however, from filing any new action *in forma pauperis* ("IFP") while he is a prisoner. *See Diaz v. Liman*, No. 25-CV-10733 (LTS) (S.D.N.Y. May 7, 2026). That order relied on the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff did not file an IFP application, but he did file a prisoner authorization; on the authorization he writes, "no (IFP), the plaintiff will pay full fee, upon notice." (ECF 2 at 1.) Plaintiff, however, has not paid the filing fee. Accordingly, the Court construes the prisoner authorization as including an IFP application and denies the application because Plaintiff does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff raises the

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

same claims as in *Diaz v. Liman*, No. 25-CV-10733 (LTS) (S.D.N.Y. Apr. 9, 2026) (directing Plaintiff to show cause why Plaintiff is not barred from filing the action and future civil actions IFP as a prisoner), and *Diaz v. Liman*, No. 25-CV-7103 (LTS) (S.D.N.Y. Dec. 29, 2025) (dismissed for failure to pay the fees or submit an IFP application and prisoner authorization). In this and previous actions, Plaintiff's claim arises from a proceeding during his criminal prosecution. He alleges that the Untied States government, the District Judge of this Court who presided over the criminal matter, the Assistant United States Attorney who prosecuted the matter, his standby defense counsel, a dozen unnamed United States Marshals, an unnamed court stenographer, and a nurse from Metropolitan Detention Center "conspired & attempted to murder the Plaintiff" on April 4, 2024 "in mid-court" and attempted "to cover it up." (ECF 1 at 3–7). Because Plaintiff does not allege facts suggesting that he is in imminent danger of serious physical injury, Plaintiff is barred from filing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP and dismisses this action without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

---

[2] Plaintiff may commence a new action by paying the filing fees. If Plaintiff files an action against a government official or employee while a prisoner, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated: October 27, 2026
New York, New York

/s/Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge